FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FEB 12 2008

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR. NO. **2:08cr34-WKW** |
| | ) | [21 USC 841(a)(1); |
| JAMES EARLE STINSON | ) | 18 USC 924(c)(1)(A); |
| aka "James Williams" | ) | 18 USC 922(g)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about August 16, 2007, in Montgomery County, within the Middle District of Alabama,

JAMES EARLE STINSON,
aka "James Williams",

defendant herein, did knowingly and intentionally possess with intent to distribute a Schedule I Controlled Substance, to-wit: marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about August 16, 2007, in Montgomery County, within the Middle District of Alabama,

JAMES EARLE STINSON,
aka "James Williams",

defendant herein, did knowingly and intentionally possess with intent to distribute a Schedule II Controlled Substance, to-wit: a mixture or substance containing a detectable amount of cocaine

hydrochloride or "powder" cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

On or about August 16, 2007, in Montgomery County, within the Middle District of Alabama,

JAMES EARLE STINSON,
aka "James Williams",

defendant herein, did knowingly and intentionally possess with intent to distribute a Schedule II Controlled Substance, to-wit: a mixture or substance containing a detectable amount of cocaine base or "crack" cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

On or about August 16, 2007, in Montgomery County, within the Middle District of Alabama,

JAMES EARLE STINSON,
aka "James Williams",

defendant herein, knowingly used and carried firearms, to-wit:

1)  a Savage Model 67 12 gauge shotgun;

2)  a Savage Model 9478 12 gauge shotgun;

3)  a Benelli, M1 Super 90 20 gauge shotgun;

4)  a Mossberg Model 500A 12 gauge shotgun;

5)  a Taurus Model PT945 .45 caliber pistol;

6)  a Phoenix Arms Model HP 22 .22 caliber pistol;

7)  a RG Industries Model RG23 .22 caliber revolver; and

    8)    a Ruger Model 22/45 .22 caliber pistol

during and in relation to, and possessed in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to-wit: possession with intent to distribute controlled substances as charged in Counts 1, 2 and 3 of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT 5

On or about August 16, 2007, in Montgomery County, within the Middle District of Alabama,

JAMES EARLE STINSON<br>aka "James Williams",

defendant herein, having been convicted of felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)    August 4, 1997, Possession of Marijuana 1st Degree, in the Circuit Court of Montgomery County, Alabama, case number CC 96-1828;

2)    August 4, 1997, Dog Fighting, in the Circuit Court of Montgomery County, Alabama, case number CC 96-1828

did knowingly possess in and affecting commerce firearms, to-wit: a Savage Model 67 12 gauge shotgun; a Savage Model 9478 12 gauge shotgun; a Benelli, M1 Super 90 20 gauge shotgun; a Mossberg Model 500A 12 gauge shotgun; a Taurus Model PT945 .45 caliber pistol; a Phoenix Arms Model HP 22 .22 caliber pistol; a RG Industries Model RG23 .22 caliber revolver; and a Ruger Model 22/45 .22 caliber pistol, better descriptions of which are unknown to the Grand Jury. All in violation of Title18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION - 1

A.   Counts 1 through 5 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for any violation as alleged in Counts 1, 2 and 3 of this indictment, the defendant,

JAMES EARLE STINSON
aka "James Williams",

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

C.   If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value; or,

   (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

## FORFEITURE ALLEGATION - 2

A. Counts 1 through 5 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for any violation as alleged in Counts 4 and 5 of this indictment, the defendant,

JAMES EARLE STINSON
aka "James Williams",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

> a Savage, Model 67, 12 gauge shotgun;
> a Savage, Model 9478, 12 gauge shotgun;
> a Benelli, M1 Super 90, 20 gauge shotgun;
> a Mossberg, Model 500A, 12 gauge shotgun;
> a Taurus, Model PT945, .45 caliber pistol;
> a Phoenix Arms, Model HP 22, .22 caliber pistol;
> a RG Industries, Model RG23, .22 caliber revolver;
> a Ruger, Model 22/45, .22 caliber pistol.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without

5

difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

A TRUE BILL:

*[signature]*
Foreperson

*[signature]*
TOMMIE BROWN HARDWICK
Assistant United States Attorney

*[signature]*
VERNE H. SPEIRS
Assistant United States Attorney